USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/1/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BY HUMANKIND, INC., a Delaware Corporation;<br><br>Plaintiff,<br><br>-vs-<br><br>HUMAN + KIND LIMITED, an Irish Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:21-cv-05064-AJN-JLC<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, Plaintiff By Humankind, Inc. and Defendant Human + Kind Limited (the "Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties is likely to involve production of confidential, proprietary, or private information such as trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure or from use for any purpose other than prosecution of this action is warranted and for which special protection from public disclosure or from use for any purpose other than prosecuting this litigation may be warranted.

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Fed. R. Civ. Pro. 26(c);

WHEREAS, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. **DEFINITIONS**

    1.1     Action: the above-captioned matter.

    1.2     Challenging Party: the Party that challenges the designation of information or items under this Order.

    1.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    1.4     "HIGHLY CONFIDENTIAL - AEO" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items:  Information that contains or discloses information that the Designating Party, in good faith, believes to be extremely commercially sensitive or would provide a competitive advantage to competitors or compromise or jeopardize the Designating Party's business interests if disclosed.

    1.5     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

    1.6     In-House Counsel: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

    1.7     Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

    1.8     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    1.9     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.10    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO"/"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

1.16    Receiving Party: the Party that receives Disclosure or Discovery Material from a Producing Party.

## 2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 3. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be (1) dismissal of all claims, counterclaims and defenses in this Action, with or without prejudice and exhaustion of all appeals; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4. **DESIGNATING PROTECTED MATERIAL**

    4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO"/"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"  (hereinafter "Confidentiality Legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) if reasonably requested by the Receiving Party.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-AEO." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality Legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) if reasonably requested by the Receiving Party.

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.  Failure of counsel to designate testimony or exhibits at a deposition, however, shall not waive the protected status of the testimony or exhibits.  Counsel may designate specific testimony or exhibits as Protected Material within fifteen (15) calendar days after receiving the transcript of the deposition or fifteen (15) calendar days after the date on which this Protective Order becomes effective, whichever occurs later. Counsel may agree on the record during the deposition that the testimony shall be considered and treated as "HIGHLY CONFIDENTIAL-

AEO" during the pendency of this fifteen (15) calendar day period should this be necessary. If counsel for the deponent or Party fails to designate the transcript or exhibits as Protected Material within the above-described fifteen-day period, any Party shall be entitled to treat the transcript or exhibits as non-Confidential Material. For purposes of this Paragraph, this Protective Order shall be deemed effective on the date this stipulation is filed with the Court.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order, the Local Rules, and, as necessary, all relevant authority governing *ex parte* motion practice.

5.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq., except as required under the circumstances and in good faith application of all relevant authority governing *ex parte* motion practice.

5.3 <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, frivolous defenses, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose a Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level

of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and their attorneys, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

6.3     <u>Disclosure of "HIGHLY CONFIDENTIAL-AEO" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-AEO" <u>or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"</u> only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff;

   (e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   (g) during their depositions, witnesses and their attorneys, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   (h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**7.**  **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

   (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. **THIRD-PARTIES**

A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order along with any such subpoena.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product

protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**11.     MISCELLANEOUS**

      11.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      11.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.     FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 30, 2022
      New York, New York

By: /s/ Brent H. Blakely
Brent Blakely
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA
(310) 546-7400
bblakely@blakelylawgroup.com
***Attorneys for Plaintiff By Humankind, Inc.***

By: /s/ James W. Beard
James W. Beard
Heather J. Kliebenstein
Merchant & Gould P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 332-5300
hkliebenstein@merchantgould.com
***Attorneys for Defendant Human + Kind Limited.***

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:**

_____
JAMES L. COTT
United States Magistrate Judge

April 1, 2022

12

**EXHIBIT A**
**UNDERTAKING**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and understand, and hereby agree to comply with and be bound by, the protective order in the case captioned *By Human Kind, Inc. v. Human + Kind Limited et al*, Civil No. 1:21-cv-05064-AJN, in the United States District Court for the Southern District of New York. As soon as my work in connection with that action has ended, but not later than thirty (30) days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

Date: _____

13